**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| HAROLD O. POSTMA,<br><br>　　　　　Petitioner,<br>vs.<br><br>DANIEL ALTENA, Sheriff of Sioux County,<br><br>　　　　　Respondent. | No. C 13-4012-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S REQUEST FOR A TEMPORARY WRIT** |

_____

　　　　Petitioner Harold O. Postma filed his Application For Writ Of Habeas Corpus [Pursuant To] 28 U.S.C. § 2254 (§ 2254 Petition) (docket no. 1) in this court on January 29, 2013, seeking relief from a state sentence for contempt and challenging the underlying state court proceedings leading to the contempt sentence. In a Ruling On Application For Order To Show Cause (Contempt Ruling), filed May 17, 2012, a magistrate judge of the Iowa District Court for Sioux County imposed a sentence of seven days of imprisonment on Postma for contempt, pursuant to IOWA CODE § 665.4, for failure to pay sums of $180 and $397.50, respectively, due in two cases in that court, but suspended that sentence if Postma purged the contempt by July 17, 2012. Postma was arrested on January 23, 2013, on a warrant issued after he failed to purge the contempt. Postma filed petitions for writs of habeas corpus in Iowa District Court challenging his contempt sentence. By Order filed January 28, 2013 (State Habeas Ruling), the Iowa District Court for Sioux County denied Postma's state habeas petitions. Postma then filed his § 2254 Petition in this court. In the part of Postma's § 2254 Petition now before me, Postma requests that I issue a "temporary writ" for his

immediate release, on bail, from his sentence for contempt and temporarily enjoin further action by the state court against him.

The Eighth Circuit Court of Appeals has observed that, pursuant to the "*Younger* abstention doctrine," based on *Younger v. Harris*, 401 U.S. 37 (1971), "absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) (citing *Younger*, 401 U.S. at 54). The Eighth Circuit Court of Appeals has also observed that, although the traditional restraint on federal courts enjoining state criminal prosecutions "has been loosened, . . . 'in the past few decades, the Supreme Court has upheld federal injunctions to restrain state criminal proceedings only where the threatened prosecution chilled exercise of First Amendment rights.'" *Bacon v. Neer*, 631 F.3d 875, 879 (8th Cir. 2011) (quoting *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987), with citations omitted, and also citing *Stolt–Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006)). The court held that a federal district court had properly declined to enjoin a state court criminal proceeding that, like Postma's cases, did not involve any First Amendment claim. *Id.* Other circumstances that may warrant an injunction on state criminal proceedings as exceptions to the "*Younger* abstention doctrine" include "'bad faith, harassment, or any other unusual circumstances that would call for equitable relief.'" *Gillette v. North Dakota Disciplinary Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) (quoting *Younger*, 401 U.S. at 54).

Although Postma alleges harassment by and corruption in the state courts, the limited record before me does not support his bare allegations sufficiently to grant even a "temporary" injunction on state criminal proceedings or on the execution of his contempt sentence. Rather, the record that Postma has provided indicates that the contempt proceedings and state habeas proceedings were conducted in proper course—indeed, the state habeas proceedings were expedited—and there is no hint that the

decisions of the state courts in those proceedings resulted in decisions contrary to or involving unreasonable applications of clearly established federal law, or decisions that were based on unreasonable determinations of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) and (2). Moreover, it appears that Postma's claims for relief, in both these proceedings and the state habeas proceedings, actually challenged the underlying state actions, in which he incurred the costs that he failed to pay, resulting in his contempt sentence, but that he did not exhaust his appeals of the judgments in those underlying actions, the judgment in the contempt proceeding, or the judgment of the Iowa District Court in his state habeas proceeding. As such, it appears that Postma's § 2254 claims are procedurally defaulted. *See* 28 U.S.C. § 2254(b) (providing that § 2254 relief may be granted only if the applicant has exhausted state court remedies). Thus, the *Younger* abstention doctrine counsels against any stay or injunction on the state court proceedings or Postma's state contempt sentence.

In the alternative, 28 U.S.C. § 2251 provides, in pertinent part,

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C § 2251. The statute does not set any standards, but instead "dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *McFarland v.Scott*, 512 U.S. 849, 858 (1994). Some federal courts have concluded that 28 U.S.C. § 2251 provides federal district courts with the power to stay the execution of state *non-capital* sentences, as well as state *capital* sentences. *See, e.g., Perry v. Maine*, Civil No. 06-217-P-H, 2007 WL 530381, *1 (D. Maine Feb. 13, 2007) (citing cases). All courts to consider the issue that I have so far found require a showing of "special circumstances," however, to warrant the intrusion on state criminal proceedings,

whether the state case is capital or non-capital. *See, e.g., Coleman v. California*, No. C 09–5742 MHP (pr), 2010 WL 695380, *2 (N.D. Cal. Feb. 23, 2010).

More specifically, some courts have required a showing of "substantial grounds" for the stay, requiring the petitioner to "demonstrate that there are issues that are debatable among jurists of reason, that a court could resolve the issues differently under the law, or that the questions are adequate to deserve encouragement to proceed further." *Mansanares v. Arpaio*, No. CV 09-0284-PHX-MHM (LOA), 2009 WL 1456858, *2 (D. Ariz. May 21, 2009) (citing *Schillaci v. Peyton*, 328 F.Supp.2d 1103, 1104 (D. Hawai'i 2004)). Others have required a showing in non-capital cases comparable to the showing required to grant a preliminary injunction. *See, e.g., Lawrence v. 48th Dist. Court*, No. 05-72701-DT, 2006 WL 83479, *1 (E.D. Mich. Jan. 12, 2006) (citing *Byrd v. Moore*, 252 F. Supp. 2d 293, 297 (M.D.N.C. 2003), in turn citing *Gilliam v. Foster*, 61 F.3d 1070, 1078 (4th Cir. 1995)). Consequently, they have considered the likelihood of irreparable harm to the petitioner without a temporary injunction, the likelihood of harm to the respondent with a temporary injunction, the habeas petitioner's likelihood of success on the merits, and the public interest. *Id*.

Assuming, without deciding, that § 2251 would grant me the authority to stay Postma's *non-capital* state sentence pending disposition of his federal § 2254 Petition, I cannot find that Postma has met the "special circumstances" requirement for such relief. *See Coleman*, 2010 WL 695380 at *2. First, applying a "substantial grounds" standard, *see Mansanares*, 2009 WL 1456858 at *2, Postma has not "demonstrate[d] there are issues that are debatable among jurists of reason, that a court could resolve the issues differently under the law, or that the questions are adequate to deserve encouragement to proceed further," as to the contempt action or the state habeas action *see id.*, where his claims in his § 2254 Petition are claims concerning the *underlying* actions that he did not appeal and, consequently, those claims appear to be procedurally

defaulted.  *See* 28 U.S.C. § 2254(b) (providing that § 2254 relief may be granted only if the applicant has exhausted state court remedies).  Similarly, applying a "preliminary injunction" standard, *see Lawrence*, 2006 WL 83479 at *1, Postma's federal habeas claims appear to be procedurally defaulted, because he did not exhaust state remedies, as required by § 2254(b), where he did not exhaust his appeals of the judgments in the underlying state actions, the judgment in the contempt proceeding, or the judgment of the Iowa District Court in his state habeas proceeding.  Thus, he has no likelihood of success on the merits of his federal § 2254 Petition, the public has no interest in granting him a stay, and he cannot credibly assert that he is irreparably harmed without the temporary injunction, because any harm flows from his failure to pursue state remedies, not from the lack of temporary injunctive relief.  *See id.*

THEREFORE, those parts of petitioner Harold O. Postma's Application For Writ Of Habeas Corpus [Pursuant To] 28 U.S.C. § 2254 (docket no. 1) seeking a "temporary writ" for his immediate release, on bail, from his sentence for contempt and an order temporarily enjoining further action by the state court against him, are **denied**.  The rest of Postma's § 2254 Petition remains pending.

**IT IS SO ORDERED**.

**DATED** this 31st day of January, 2013.

                                                                           MARK W. BENNETT
                                                                           U.S. DISTRICT COURT JUDGE
                                                                           NORTHERN DISTRICT OF IOWA