# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

HAROLD O. POSTMA,

    Petitioner,

vs.

DANIEL ALTENA,

    Respondent.

No. C13-4012-MWB

**ORDER**

    This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner filed such application on January 29, 2013.

    A habeas corpus action "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973). In order to be in custody, there must be a "significant restraint" on one's liberty. Russell v. City of Pierre, 530 F.2d 791, 792 (8th Cir. 1976). The fine, surcharge or costs totaling $397.50 that was imposed in *State v. Postma*, Case No. NTA0018912 (Sioux County Dist. Ct. 2011), and the fine of $180.00 that was imposed in *State v. Postma*, Case No. STP153957 (Sioux County Dist. Ct \_\_\_\_),[1] is an insufficient restraint on the petitioner's liberty. *See Russell*, 530 F.2d at 792 (finding fine is not a significant restraint on one's liberty). Therefore, the court lacks subject matter jurisdiction to consider the validity of the fines imposed.

    Nonetheless, the petitioner complains about a civil contempt sanction related to those cases. *See Int'l Union v. Bagwell*, 512 U.S. 821, 827-28 (1994) (explaining that civil contempt sanctions are considered to be coercive and avoidable through obedience and, therefore, they may be imposed in an ordinary civil proceeding upon notice and an

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

opportunity to be heard and without a jury trial or proof beyond a reasonable doubt). Because the petitioner did not appeal either of the amounts due, did not pay them, admitted that he was able to pay the amounts due and demonstrated that he was not going to pay the amounts due, the Iowa District Court for Sioux County found the petitioner to be in contempt and sentenced him to seven days in jail, but it suspended such sentence and gave the petitioner the opportunity to purge himself of contempt by paying in full the balance that he owed in each of his cases. As a result of failing to pay both balances, the petitioner was arrested on January 23, 2013.

On January 28, 2013, the petitioner filed a petitioner for a writ of habeas corpus in the Iowa District Court for Sioux County. *See Postma v. Altena*, Case No. EQCV024170 (Sioux County Dist. Ct. 201_). That case is still pending. Because he is still pursuing relief in the courts of Iowa, it is appropriate to dismiss the petitioner's action for failing to "exhaust" his federal claims in the appropriate state forum, that is, for failing to comply with 28 U.S.C. § 2254(b)(1)(A). Before proceeding in this court, the petitioner must provide the Iowa Supreme Court with a full and fair opportunity to review all of his federal claims. To the extent he desires a certificate of appealability under 28 U.S.C. § 2253, the court shall not grant one because there are no appealable issues.

**IT IS THEREFORE ORDERED:**

The petitioner's application for a writ of habeas corpus is dismissed without prejudice, and a certificate of appealability is denied.

**DATED** this 28th day of March, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA